■ JACK P. FERMERY & ASSOCS. ARCHITECTS, P. C., et al., Respondents, v NORTH RIVER INSURANCE COMPANY, Appellant. [622 NYS2d 64] —In an action for a judgment declaring that the defendant has a duty to defend and indemnify the plaintiffs in an underlying action entitled *Ramric Dev. Co. v Fermery & Assocs. Architects*, pending in the Supreme Court, Westchester County under Index No. 13845/90, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Wood, J.), entered June 23, 1993, as granted the plaintiffs' motion for summary judgment to the extent of directing it to pay the reasonable costs of the plaintiffs' defense.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, by deleting the provision thereof directing the defendant to pay the reasonable costs of the plaintiffs' defense and substituting therefor a provision denying the plaintiffs' motion for summary judgment in its entirety.

The plaintiffs commenced this action for a judgment declaring, *inter alia*, that the defendant has a duty to defend them in an action brought by the Ramric Development Company, Inc., alleging professional malpractice by the plaintiffs.

There are issues of fact in this case that cannot be determined as a matter of law, including whether the exclusion contained in the insurance policy applies to free the insurance carrier of its duty to defend the plaintiff, which depends on whether the plaintiff, prior to the effective date of the insurance policy, had knowledge of the claim that is the subject of the underlying action. Therefore, it was error to have granted any part of the plaintiffs' motion for summary judgment. We accordingly reverse so much of the order as granted the plaintiff partial summary judgment and directed the defendant to pay the reasonable costs of the plaintiffs' defense.

The parties' remaining contentions are either academic in light of this determination or without merit. Rosenblatt, J. P., Altman, Friedmann and Florio, JJ., concur.