■ CAMPAGNA & LANGELLA, Respondent, v CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, et al., Appellants. [759 NYS2d 346] —In an action, inter alia, for a judgment declaring that the defendant Certain Underwriters at Lloyd's, London, is required to defend and indemnify the plaintiff in a legal malpractice action entitled *BHI Contrs. Corp. v Campagna & Langella,* pending in the Supreme Court, Suffolk County, under Index No. 7414/99, the defendants appeal from an order of the Supreme Court, Suffolk County (Klein, J.), dated March 18, 2002, which denied the motion of the defendant Certain Underwriters at Lloyd's, London, for summary judgment declaring that it did not have a duty to defend and indemnify the plaintiff.

Ordered that the appeal by the defendant Continental Insurance Company is dismissed as abandoned (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant Certain Underwriters at Lloyd's, London; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff commenced this action, inter alia, for a judgment declaring that the defendant Certain Underwriters at Lloyd's, London (hereinafter Lloyd's) had a duty to defend and

indemnify the plaintiff in a legal malpractice action commenced by BHI Contractors Corp., alleging professional malpractice by the plaintiff. The Supreme Court properly denied Lloyd's motion for summary judgment.

An insurer's duty does not extend to claims that are not covered by the policy or that are expressly excluded from coverage, including those predating the policy or retroactive period (*cf. 30 W. 15th St. Owners Corp. v Travelers Ins. Co.,* 165 AD2d 731, 733 [1990]). However, the Supreme Court properly concluded that, contrary to Lloyd's argument, the second claim in the underlying action brought by BHI Contractors Corp. did not arise before the retroactive date. Therefore, the Supreme Court properly held that Lloyd's cannot be relieved of its duty to defend and indemnify the plaintiff on that ground.

In addition, there are triable issues of fact that cannot be determined as a matter of law, including whether the prior knowledge exclusion in the insurance policy can free Lloyd's of its duty to defend and indemnify the plaintiff (*see Fermery & Assoc. Architects v North Riv. Ins. Co.,* 211 AD2d 665 [1995]). Feuerstein, J.P., McGinity, Adams and Crane, JJ., concur.